IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:18-cv-1036

**TORI L. HOYLE,**

    Plaintiff,

vs.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, doing business as LIBERTY MUTUAL INSURANCE,**

    Defendant.

## COMPLAINT

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), to recover benefits due under an employee welfare benefit plan and to recover costs, attorneys' fees, and interest as provided by ERISA.

### PARTIES

2. Plaintiff, Tori L. Hoyle, is a citizen and resident of Albemarle, Stanly County, North Carolina.

3. Defendant, Liberty Life Assurance Company of Boston, is a properly organized insurance company authorized to do business in the State of North Carolina, and does substantial business in Stanly County.

4. At all times relevant to this action, Liberty Life Assurance Company of Boston provided insured long term disability ("LTD") benefits pursuant to the Wal-Mart

Stores, Inc. Associates' Health and Welfare Plan ("the Plan").

5. Liberty Life Assurance Company of Boston operates under the names "Liberty Mutual Insurance" and "Liberty Mutual" (hereinafter, collectively referred to as "Liberty Mutual").

6. Liberty Mutual serves as the claims administrator and fiduciary in handling all aspects of disability benefit claims made by insured beneficiaries under the Plan, including the Plaintiff in this action.

7. Liberty Mutual has a fiduciary obligation to Plaintiff to administer the Plan fairly and impartially, for the exclusive benefit of beneficiaries such as Plaintiff.

## JURISDICTION AND VENUE

8. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. § 1132.

9. Venue in the Middle District of North Carolina is appropriate by virtue of Plaintiff's residence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

10. At all times relevant to this action, Plaintiff was a covered beneficiary under the group policy (Policy No. GF3-850-290765-01) issued by Defendant to Wal-Mart Stores, Inc. (the "Policy").

11. Plaintiff worked as a cashier for Wal-Mart Stores, Inc. ("Wal-Mart") prior to her disability onset.

12. The Plan provides LTD benefits to beneficiaries who meet the Policy

definition of "disability" or "disabled," as follows:

> *i. that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of [her] Own Occupation; and*
>
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

13. In 2014, Plaintiff injured her foot and ankle and was diagnosed with posterior tibial tendinitis, which resulted in pain and limited mobility.

14. Despite trying various treatment modalities, Plaintiff's pain progressively became more severe and began spreading to other areas of the foot and into her lower extremity.

15. On or about November 19, 2015, Plaintiff was forced to stop working and leave employment with Wal-Mart due to increasingly severe posterior tibial tendinitis, as well as other debilitating conditions, including, but not limited to, significant headaches, nausea, and degeneration in her cervical and lumbar spine.

16. As a result of her numerous and severely disabling conditions and accompanying symptoms, Plaintiff was and is unable to perform the material and substantial duties of her own occupation as a cashier.

17. As a result of her numerous and severely disabling conditions and accompanying symptoms, Plaintiff was and is unable to perform, with reasonable continuity, the material and substantial duties of any occupation.

18. Plaintiff suffers from numerous conditions, including, but not limited to:

    a. Cervical degenerative disk disease;

3

      b.        Lumbar degenerative disk disease;

      c.        Multiple brain cavernous angiomas;

      d.        Chronic posterior tibial tendinitis (also called tendon dysfunction);

      e.        Posterior tibial tendon insufficiency;

      f.        Impingement syndrome with possible rotator cuff tear;

      g.        Cervical radiculopathy;

      h.        Cervical disk herniation;

      i.        Cervical stenosis;

      j.        Osteoarthritis;

      k.        Migraines; and

      l.        Vitamin D deficiency.

19.     Plaintiff's conditions cause numerous debilitating symptoms and limitations, including, but not limited to:

      a.        Chronic foot pain and swelling;

      b.        Chronic ankle pain and swelling;

      c.        Arm and shoulder pain;

      d.        Knee and leg pain;

      e.        Hip pain;

      f.        Muscle weakness and stiffness;

      g.        Muscle spasms and cramps;

      h.        Back pain;

      i.        Neck pain;

j. Joint pain;

k. Headaches;

l. Dizziness;

m. Nausea and vomiting;

n. Chronic fatigue;

o. Photophobia;

p. Cognitive difficulty;

q. Limited range of motion;

r. Severely limited ability to ambulate;

s. Reduction in gross motor coordination;

t. Frequent falls; and

u. An inability to sit or stand for prolonged periods of time.

20. In or around April 2016, Plaintiff applied for LTD benefits under the Policy.

21. By letter dated May 20, 2016, Defendant denied Plaintiff's claim for LTD benefits.

22. Plaintiff timely appealed the denial of her claim for LTD benefits.

23. By letter dated July 8, 2016, Defendant overturned its adverse determination and began paying LTD benefits to Plaintiff under the terms of the Policy.

24. By letter dated December 22, 2016, Defendant terminated Plaintiff's LTD benefit claim.

25. Plaintiff timely appealed the termination of her claim for LTD benefits.

26. On February 13, 2017, a LTD case manager for Defendant telephoned

5

Plaintiff to notify Plaintiff that her benefits were reinstated.

27. By letter dated June 22, 2017, Defendant notified Plaintiff that the Plan's definition of disability recently changed from "own occupation" to "any occupation" and that Defendant had determined that Plaintiff qualified for continued benefits as she was unable to perform the material and substantial duties of any occupation.

28. By letter dated January 23, 2018, Defendant again terminated Plaintiff's LTD benefit claim.

29. Plaintiff timely appealed the termination of her claim for LTD benefits.

30. On March 6, 2018, a LTD case manager for Defendant telephoned Plaintiff to notify Plaintiff that her benefits were reinstated.

31. Less than two weeks later, by letter dated March 19, 2018, Defendant again terminated Plaintiff's LTD benefit claim.

32. Plaintiff timely appealed the termination of her claim for LTD benefits by letter dated June 8, 2018.

33. By letter dated July 17, 2018, Defendant upheld its decision to terminate Plaintiff's claim for LTD benefits.

34. Plaintiff now has exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

35. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Policy, Plan, and ERISA for the following reasons:

a. Plaintiff is disabled, as defined by the LTD benefits Policy and Plan, in that as a result of her disability, she is unable to perform, with reasonable continuity, the material and substantial duties of any occupation;

b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is disabled, by ignoring credible evidence that Plaintiff is unable to perform, with reasonable continuity, the material and substantial duties of any occupation;

c. Defendant's interpretation of the definition of "Disability" or "Disabled" contained in the Policy is contrary to plain language of the Policy and unreasonable;

d. Defendant has attempted to evade the impact of Plaintiff's numerous conditions and the severe functional limitations on her ability to perform, with reasonable continuity, the material and substantial duties of any occupation;

e. Defendant has wrongfully denied Plaintiff a full, fair, and impartial review of her benefits by ignoring the weight and credibility of evidence submitted, looking for less credible evidence of marginal significance to support its goal of denying her benefits claim; and

f. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

**WHEREFORE**, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that she is entitled to LTD benefits under the terms of the Policy, and that Defendant be ordered to pay LTD benefits, and all other related benefits, until such time as Plaintiff reaches age 67 or is no longer disabled;

2. Award pre-judgment interest at a rate of at least the North Carolina state rate of 8%;

3. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of benefits; and

4. Enter an award for such other relief as may be just and appropriate.

This the 21st day of December, 2018.

/s/Caitlin H. Walton
**CAITLIN H. WALTON**
N.C. Bar No. 49246
cwalton@essexrichards.com
**ESSEX RICHARDS, P.A.**
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 377-4300
Fax (704) 372-1357

*Attorney for Plaintiff*